FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
JUL 22 2015
CLERK
SO. DIST. OF GA

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

CYNTHIA CLEGHORN,

    Plaintiff,

v.

ONEBEACON AMERICA INSURANCE COMPANY,

    Defendant.

CASE NO. CV414-226

## O R D E R

Before the Court is Defendant's Motion to Dismiss (Doc. 6), to which Plaintiff has filed a response (Doc. 7). After a careful review of Plaintiff's complaint, however, the Court finds that it is presently unable to properly evaluate either Defendant's motion or Plaintiff's response.

Plaintiff fails to identify a specific cause of action in her complaint. Instead, Plaintiff merely alleges a fragmented narrative of the parties' dispute over funds currently held in escrow by Plaintiff's counsel[1] before concluding that she "was proximately damaged by Defendant's actions." (Doc. 1, Attach. 1 at 3.) In its motion, Defendant assumes that Plaintiff has brought suit based on

---

[1] While it is not entirely clear from Plaintiff's filings, the Court understands that Plaintiff's counsel received the disputed funds as part of a settlement with a third-party who was in a car accident with Plaintiff's husband.

some theory of tortious interference with contract. (Doc. 6 at 3.) Plaintiff appears to agree with this statement, responding that her claim is based on Defendant's tortious interference with her contractual rights to insurance proceeds paid to her husband and currently held in escrow by Plaintiff's attorney. (Doc. 7 at 4.) However, Plaintiff's brief does little to explain the matter further, rendering it impossible for the Court to determine whether she has a plausible claim for relief. For instance, the Court is unsure whether Plaintiff even has standing to bring a tortious interference with contract claim at all because it is unclear from the complaint whether she was ever a party to any contract regarding the disputed funds.

Plaintiff goes on to request in her response that if the Court finds her complaint insufficient—which it does—she be given an opportunity to amend her complaint. (Id. at 5-6.) Given the confusion caused by Plaintiff's threadbare pleading, the Court concludes that this is the best course of action. As a result, Plaintiff shall have **fourteen days** to submit an amended complaint correcting the deficiencies identified in this order. Plaintiff is on **NOTICE** that

failure to do so will result in dismissal of this case.[2] Accordingly, Defendant's Motion to Dismiss (Doc. 6) is **DISMISSED AS MOOT**. Defendant may reassert its motion if necessary after Plaintiff has filed an amended complaint.

SO ORDERED this 22nd day of July 2015.

*[signature]*
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[2] Plaintiff should be aware that the Court will not accept any amended pleading that incorporates by reference any factual allegation or argument contained in an earlier filing. The amended complaint should be a stand-alone filing that independently contains all the factual allegations and arguments that Plaintiff wishes the Court to consider.